**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TAMMIE FINLEY,                                               Case No. 1:13-cv-681

             Plaintiff,                                       Beckwith, J.
                                                            Bowman, M.J.

     v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

             Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Tammie Finley filed this Social Security appeal in order to challenge the Defendant's findings that he is not disabled.  *See* 42 U.S.C. §405(g).  Proceeding through counsel, Plaintiff presents five claims of error, all of which the Defendant disputes.  For the reasons explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

**I.  Summary of Administrative Record**

On December 13, 2009, Plaintiff filed an application for Disability Insurance Benefits (DIB) alleging a disability onset date of July 24, 2009, due to knee problems. (Tr. 128-36, 152).  After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing *de novo* before an Administrative Law Judge. ("ALJ").  On March 26, 2012, ALJ Curt Marceille held a video evidentiary hearing at which Plaintiff appeared with counsel.  The ALJ heard testimony from Plaintiff and an impartial vocational expert. (Tr. 30-60).  On March 29, 2012, the ALJ denied Plaintiff's

applications in a written decision.  (Tr. 13-25).  Plaintiff now seeks judicial review of the denial of her application for benefits.

Plaintiff was 49 years old at the time of the administrative hearing and when the ALJ issued his decision. (Tr. 10, 17, 128). She attended school through tenth grade. (Tr. 153). Her past work includes jobs as a manager, a laborer, and a fast food clerk. (Tr. 22, 154).  She alleges disability primarily due left knee pain, as well and low back and leg pain.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine; and status post repair of torn anterior cruciate ligament (ACL) and lateral meniscal tear." (Tr. 15).  The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1.  The ALJ determined that Plaintiff retains the following residual functional capacity ("RFC") to perform light work with the following limitations:

> She is unable to stand for more than one (1) hour at a time.  She cannot climb ladders, ropes, scaffolds.  She cannot climb ramps or stairs (as an essential element of a job).  She cannot crouch, kneel or crawl.  She should avoid working with hazards (unprotected heights and dangerous moving machinery).

(Tr. 16).  Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that while Plaintiff is unable to perform her past relevant work as a fast food worker and factory laborer, she is able to performed the work as a manager, as it is typically performed.  (Tr. 22).  The ALJ further determined that Plaintiff had acquired work skills from past work as a manager that were transferrable to other occupations

with jobs existing in significant numbers in the national economy, including such jobs as distribution clerk, shipping checker, and gate guard. (Tr. 23). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB *Id*.

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: 1) failing to provide a function by function assessment in his RFC finding; 2) improperly evaluating Plaintiff's low back and knee impairments; 3) improperly weighing the findings of Dr. Rafey; 4) improperly evaluating Plaintiff's subjective complaints of pain; and 5) committing various vocational errors. Upon close analysis, I conclude that none of the asserted errors require reversal or remand.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported

3

by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted).  In conducting this review, the court should consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability.  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts.  If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national

economy.  *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy.  42 U.S.C. § 423(d)(1)(A).

### B.  Specific Errors

#### 1.  Function by Function Assessment

Plaintiff's first assignment of error asserts that the ALJ failed to comply with SSR 96-8p which requires a "function by function" assessment in the evaluation of Plaintiff's RFC.  Plaintiff argues that the ALJ improperly relied on Dr. Taylor's assessment that Plaintiff was capable of standing for one hour and lifting 20 pounds in formulating Plaintiff's RFC. Notably, Plaintiff asserts that Dr. Taylor's assessment only related to Plaintiff's left knee impairments and did not consider her low back and leg pain.  Plaintiff also argues that the vocational expert "was bothered by [Dr. Taylor's] limitations," and the ALJ failed to clarify Dr. Taylor's limitations.

The record indicates that Plaintiff injured her left knee in 2004.  She underwent four knee surgeries, namely 2 arthroscopies in 2005 and 2006, and surgery for lateral meniscus tear of the left knee in 2005, and left knee ACL reconstruction in 2009.  Dr. Taylor served as one of Plaintiff's treating physicians, primarily treating her knee problems.  In April 2010, Dr. Taylor declared maximum medical improvement for the

knee and put Plaintiff on permanent restriction with no lifting greater than 20 pounds and no standing greater than one hour at a time.

The ALJ included Dr. Taylor's limitations in his RFC assessment. More importantly, the ALJ ultimately included limitations that were "even more restrictive than those assessed by Dr. Taylor." (Tr. 20, 21). As detailed above, the ALJ found that Plaintiff could perform light work . . . except she is unable to stand for more than one (1) hour at a time. She cannot climb ladders, ropes, scaffolds. She cannot climb ramps or stairs (as an essential element of a job). She cannot crouch, kneel or crawl. She should avoid working with hazards (unprotected heights and dangerous moving machinery). (Tr. 16).

As more fully discussed below, the ALJ's RFC finding (and hypothetical questions to the vocational expert) considered Plaintiff's impairments, in combination, and not only limitations resulting from her knee problems as found by Dr. Taylor. Accordingly, Plaintiff's assignment of error should be overruled in this regard.

2. *Evaluation of Plaintiff's Back Impairments*

Plaintiff's second assignment of error asserts that the ALJ failed to consider her back impairments in combination with her other impairments. Here, a large majority of the record evidence relates to Plaintiff's claim for worker's compensation under Ohio law. As such, Plaintiff notes that the medical records often refer to "allowed conditions" or to "recognized conditions" related to her knee injury. Plaintiff argues that the ALJ inadequately considered her back impairment and resulting functional limitations, because he relied on medical source opinion evidence that did not adequately consider her back issues. Plaintiff's assertion lacks merit.

As noted by the Commissioner, in determining Plaintiff's RFC, the ALJ made clear what restrictions he thought were warranted – and why – to accommodate her back issues:

> In terms of [Ms. Finley's] alleged back pain with left leg tingling and numbness, the most recent [MRI] of record shows only minor disc changes and there was no evidence of lumbar disc protrusion causing neural element compression or displacement. In addition, in a March 2012 follow-up to the MRI, [Ms. Finley] did not report any significant notes repeatedly reflect intact sensation. This despite [her] testimony that she has suffered constant numbness and tingling. Further, status post the left knee ACL reconstruction, [Ms. Finley] reported that she received some relief of the lumbar spine and radicular pain down the leg. Despite the minimum objective findings, giving [her] all benefit, the assigned [RFC] limits [her] to light work with additional postural and environmental limitations, namely she cannot stand for more than one hour at a time. In addition, [she] cannot climb ladders, ropes or scaffolds. She cannot crouch, kneel, crawl or work with hazards. Finally, she cannot climb ramps or stairs as an essential element of a job

(Tr. 20, citing Tr. 402-46).

Thus, the ALJ's decision clearly indicates that, he examined the record as a whole, and took special note of the objective evidence and improvement in her back pain after knee surgery.

Furthermore, Plaintiff's assertion that much of the medical opinion evidence relied upon by that the ALJ failed to considered Plaintiff's back impairments is not supported by the record.  As noted by the Commissioner, the ALJ gave great weight to the assessments of the state agency reviewing physicians, who concluded that Plaintiff could perform light work with only occasional climbing of ramps/stairs, kneeling, crouching, and crawling. (Tr. 22, citing Tr. 336-43, 388). The first state agency physician did not identify any back-related issues, but the second reviewing physician, who reviewed the file in late August 2010, noted that Ms. Finley was alleging back pain as of

April 2010 and nevertheless concluded that there was "no change in her physical condition that would indicate a change in overall RFC." (Tr. 388).

Based on the foregoing, the undersigned finds that the ALJ properly considered Plaintiff's back impairments.

### 3. Evaluation of the Opinion Evidence

Plaintiff's next assignment of error asserts that the ALJ failed to properly weigh the opinion of Dr. Rafey, Plaintiff's treating chiropractor.  In September 2010, Dr. Rafey opined, among other things, that Ms. Finley could not stand or walk two hours in an eight-hour workday; could sit about four hours in an eight-hour workday; could rarely lift ten pounds; and could never lift 20 pounds. (Tr. 448-52).

In weighing differing medical opinion evidence, an ALJ considers the factors set forth in 20 C.F.R. § 404.1527(d)(2). These factors include: "(1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion, with respect to relevant evidence such as medical signs and laboratory findings; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the physician rendering the opinion; and (6) any other factor raised by the applicant." *Meece v. Barnhart,* 192 Fed. Appx. 456, 461 (6th Cir.2006) (citing 20 C.F.R. §§ 404.1527(d)(2)-(d)(6)). More weight is generally given to an opinion offered by a medical source who has examined the claimant over an opinion offered by a medical source who has not examined the claimant. 20 C.F.R. § 404.1527(d)(1). More weight is given to opinions supported by "relevant evidence" such as "medical signs and laboratory findings[.]" 20 C.F.R. § 404 .1527(d)(3). Further, more weight is given to those medical opinions that are "more

consistent ... with the record as a whole[.]" 20 C.F.R. § 404.1527(d)(3). After assessing the weight afforded to medical source evidence, ultimately, an ALJ can properly rely on the conclusions of a nonexamining, record reviewing physician to support an RFC assessment. *See Sullivan v. Comm'r of Soc. Sec.,* No. 1:07cv331, 2009 WL 648597, *13 (S.D.Ohio Mar.11, 2009). Such is permissible "because the Commissioner may view nonexamining sources 'as highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the [Social Security] Act.'" *Id.* (citing Social Security Ruling 96–6p). Opinions offered by nonexamining physicians "are weighed under the same factors as treating physicians including supportability, consistency, and specialization." *Id.* (citing 20 C.F.R. § 404.1572(d), (f)). Thus, "under some circumstances, [opinions from nonexamining doctors can] be given significant weight." *Linton v. Astrue,* No. 3:07cv00469, 2009 WL 540679, *8 (S.D. Ohio Mar 2, 2009).

Here, the ALJ properly evaluated Dr. Rafey's opinion in accordance with 20 C.F.R. § 404.1572(d).  Notably, the ALJ determined that Dr. Rafey's opinion was "predominately a standard checkin- the box questionnaire without much explanation . . ." (Tr. 22). It is well established that such an unsupported cursory opinion does not mandate controlling weight.   *See* 20 C.F.R. § 404.1527(c)(3) ("The better an explanation a source provides for an opinion, the more weight we will give that opinion."); *McClanahan v. Astrue*, 2011 WL 672059 (S.D. Ohio Feb. 16, 2011) (Barrett, J.) ("the essential problem with the four pages of forms that make up [the doctor's] opinion is that it is entirely conclusory. Other than stating that his observations are based on physical exams and history, [the doctor] gives no indication of what evidence

his opinion is based on"). Moreover, the ALJ properly determined that Dr. Rafey's opinion was inconsistent with the other physician opinions See 20 C.F.R. § 404.1527(d)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.").

Additionally, as noted by the ALJ, as a chiropractor, Dr. Rafey was not an "acceptable source" whose opinion was entitled to any special weight. (Tr. 22). Under 20 C.F.R. § 404.1513, only acceptable sources can provide evidence to establish an impairment. A chiropractor is not an acceptable source of medical evidence. *Kastner v. Astrue,* 2009 WL 385793, *7 (S.D. Ohio 2009) (*citing* 20 C.F.R. §§ 404.1513; 416.913). Thus, the Commissioner is not required to give controlling weight to a chiropractor's opinion nor is he required to adopt a chiropractor's opinion. *Id.* (*citing Walters v. Commissioner of Social Security,* 127 F.3d 525 (6th Cir.1997); *Lucido v. Commissioner of Social Security,* No. 03–3713, 2005 WL 221528 at * 2 (6th Cir.2005). In light of the foregoing, the undersigned finds that the ALJ properly weighed Dr. Rafey's opinion and his decision is substantially supported in this regard.

4. *Credibility*

Plaintiff's fourth assignment of error asserts that the ALJ improperly determined that Plaintiff's subjective complaints were not fully credible. Specifically, Plaintiff contends that the objective medical evidence corroborates his subjective complaints of disabling and chronic low back pain. Plaintiff's contentions are unavailing.

It is the province of the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant. *Rogers v. Commissioner of Social Sec.,* 486 F.3d 234, 247 (6th Cir.2007) (citations omitted). In light of the Commissioner's

opportunity to observe the individual's demeanor, the Commissioner's credibility finding is entitled to deference and should not be discarded lightly. *Buxton v. Halter,* 246 F.3d 762, 773 (6th Cir.2001). "If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky v. Bowen,* 35 F.3d 1027, 1036 (6th Cir.1994). The ALJ's articulation of reasons for crediting or rejecting a claimant's testimony must be explicit and "is absolutely essential for meaningful appellate review." *Hurst v. Sec. of HHS,* 753 F.2d 517, 519 (6th Cir.1985). In this regard, Social Security Ruling 96–7p explains:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

SSR 96–7p.

In addition, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* The ALJ's credibility decision must also include consideration of the following factors: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other

than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. See 20 C.F.R. §§ 404.1529(c) and 416.929(c); SSR 96–7p.

While an ALJ may properly consider a Plaintiff's inconsistent statements and other inconsistencies in the record, the ALJ must also consider other factors listed in SSR 96–7p, and may not selectively reference a portion of the record which casts Plaintiff in a capable light to the exclusion of those portions of the record which do not. *See Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 240–41 (6th Cir.2002). Further, a credibility determination cannot be disturbed "absent a compelling reason." *Smith v. Halter,* 307 F.3d 377, 379 (6th Cir.2001). Thus, it is proper for an ALJ to discount the claimant's testimony where there are contradictions among the medical records, his testimony, and other evidence. *Warner v. Comm'r of Soc. Sec.,* 375 F.3d at 392.

Contrary to Plaintiff's contentions, the ALJ properly considered the requisite factors in making his credibility determination. Here, the ALJ found that Plaintiff's subjective complaints of disabling pain were not fully credible. (Tr. 17-18). As noted by the Commissioner, the ALJ's credibility determination was lengthy, thorough, and well-supported by specific examples and substantial evidence. (Tr. 17-20). He considered a number of relevant factors, such as contradictions in Plaintiff's reports and testimony; the objective evidence; her daily activities; her work history; any side effects from

medication; and the history and nature of her treatment. (Tr. 17-20). See 20 C.F.R. § 404.1529; Social Security Ruling 96-7p.

Plaintiff argues that the ALJ erred "with regard to the strong pain medications which did not relieve the pain" (Doc. 9).  Yet, Plaintiff cites to no evidence to support this bald assertion that her pain was unresponsive to medication.  Moreover, merely having pain — even chronic pain — is insufficient for a claimant to meet her burden of proof to show disabling limitations. *See, e.g., Lawson v. Comm'r of Soc. Sec.*, 192 Fed. App'x 521, 527 (6th Cir. 2006) (affirming ALJ who found that Plaintiff had pain, but that such pain was not severe enough to cause disabling limitations); *see also* 20 C.F.R. §§ 416.920(a)(4) (claimant bears burden of proof to show limitations); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (same).  Rather, to be disabled, a claimant must show that her pain is so severe that it prevents her from engaging in substantial gainful activity. 42 U.S.C. § 1382c(a)(3)(A).  Plaintiff has failed to establish that her back pain causes additional functional limitations than those found by the ALJ in his RFC finding.

Based on the foregoing, the undersigned finds that the ALJ's decision adequately sets forth the reasons for his credibility finding and shows he considered the required factors in determining plaintiff's credibility. *See* 20 C.F.R. § 416.929(c). In light of the ALJ's opportunity to observe plaintiff's demeanor, the ALJ's credibility finding is entitled to deference and should not be discarded lightly. *Kirk,* 667 F.2d at 538. *See also Cruse v. Commissioner,* 502 F.3d 532, 542 (6th Cir.2007); *Walters v. Commissioner,* 127 F.3d 525, 531 (6th Cir.1997); *Gaffney v. Bowen,* 825 F.2d 98, 101 (6th Cir.1987). Accordingly, the Court finds substantial evidence supports the ALJ's credibility finding in this matter.

13

*5. Alleged Vocational Errors*

Plaintiff's final assignment of error asserts that the ALJ committed various vocational errors. Namely, Plaintiff asserts that the ALJ erred by failing to ask the vocational expert "how long, over 8 hours a day and 40 hours a week, Ms. Finley could stand or sit." (Doc. 9 at 11).  Plaintiff further asserts that the ALJ's hypothetical questions to the vocational expert failed to include Plaintiff's need to alternative between sitting and standing and her need to lay down often due to pain.  Plaintiff's assertions are unavailing.

The Sixth Circuit has held that a hypothetical question must only include a claimant's credible impairments and limitations. *See Smith v. Halter,* 307 F.3d 377, 378 (6th Cir.2001) (emphasis added); *Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir.1993). Here, the ALJ's hypothetical question was supported by the medical record and other evidence, and Plaintiff has not shown that she had limitations greater than those reflected in the ALJ's hypothetical question and eventual RFC finding. Plaintiff contends that the hypothetical question omitted Plaintiff's need to alternative between sitting and standing and her need to lay down often due to pain. However, as discussed above, the medical evidence did not support these alleged limitations, and there is no medical opinion that shows that Plaintiff had greater limitations than the ALJ found.  Accordingly, the ALJ's decision is substantially supported in this regard.

### III.  Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED.**

                                         _s/Stephanie K. Bowman_
                                         Stephanie K. Bowman
                                         United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TAMMIE FINLEY,                                                    Case No. 1:13-cv-681

           Plaintiff,                                          Beckwith, J.
                                                                 Bowman, M.J.

    v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).