**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Tammie Finley,           )
                         )
      Plaintiff,      ) Case No. 1:13-CV-681
                         )
  vs.                    )
                         )
Carolyn W. Colvin, Acting )
Commissioner of Social Security, )
                         )
      Defendant.      )

O R D E R

This matter is before the Court on Magistrate Judge Bowman's Report and Recommendation of January 29, 2015 (Doc. No. 13) and Plaintiff Tammie Finley's objections to the Report and Recommendation (Doc. No. 14). In her Report and Recommendation, Magistrate Judge Bowman concluded that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled under the Social Security regulations was supported by substantial evidence. Judge Bowman, therefore, recommended that the ALJ's decision be affirmed. For the reasons that follow, Plaintiff's objections to Judge Bowman's Report and Recommendation are not well-taken and are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ finding that Plaintiff is not disabled under the Social Security regulations is **AFFIRMED.**

I. Background

Plaintiff Tammie Finley filed a claim for disability insurance benefits based on impairments of left knee pain and lower back and leg pain. Plaintiff's claim was denied initially and upon reconsideration. She requested and received an evidentiary hearing before an ALJ, which took place on March 26, 2012.

Proceeding through the five-step disability evaluation process, the ALJ found that Plaintiff has severe impairments of degenerative disc disease of the lumbar spine and status post repair of torn anterior cruciate ligament ("ACL") and lateral meniscus tear. The ALJ determined that Plaintiff's impairments do not meet or equal a listed impairment. The ALJ then found that Plaintiff has the physical residual functional capacity ("RFC") to perform a limited range of light work. The limitations found by the ALJ are that Plaintiff is unable to stand for more than one hour at a time, she cannot climb ladders, ropes, or scaffolds, she cannot climb ramps or stairs as an essential element of the job, she cannot crouch, kneel or crawl, and she cannot work around heights or dangerous moving machinery. The ALJ determined that Plaintiff cannot perform her past relevant work as a fast food worker or factory laborer with this RFC. Based on the testimony of the vocational expert, however, the ALJ found that Plaintiff can perform other jobs that exist in substantial numbers in the national economy, such as fast food manager (as typically performed), distribution clerk, shipping checker, gate guard, circulation clerk, scheduling clerk, and order clerk. The ALJ concluded, therefore, that Plaintiff is not disabled under the Social Security regulations.

In arriving at Plaintiff's RFC, the ALJ gave "significant weight" to the opinion of her treating surgeon, Dr. Taylor. Tr. 21. In April 2010, Dr. Taylor wrote an office note declaring Plaintiff's left knee at maximum medical improvement, ruling out further surgical intervention, and placing her on permanent restrictions of no lifting greater than 20 pounds

2

and no standing for more than one hour. Tr. 431. The ALJ also gave "significant weight" to the opinion of Dr. Goldfarb. In August 2004, Dr. Goldfarb completed a pre-surgery consultative physical examination of Plaintiff for the Ohio Bureau of Workers Compensation. Dr. Goldfarb stated in his report that Plaintiff should be able to return to light duty, which he defined as sedentary work with minimal standing, four to six weeks after her ACL repair surgery. Tr. 261. The ALJ gave "some weight" to the opinions of the state agency consulting physicians who collectively indicated that Plaintiff can perform light work with some limitations on kneeling, crawling, crouching, using ramps and stairs, and exposure to hazards.

Finally, the ALJ gave "little weight" to the opinion of Plaintiff's treating chiropractor, Dr. Rafey. Dr. Rafey provided an opinion stating that Plaintiff can only occasionally lift and carry no more than 10 pounds, that she can sit for only 30 minutes at a time for a total of four hours a day, that she can never stand, and that she can only walk for less than two hours a day. The vocational expert was not specifically asked about a hypothetical claimant with this RFC, but presumably Dr. Rafey's opinion would rule out all competitive work. The ALJ essentially rejected Dr. Rafey's opinion for three reasons: 1) it was given in a box-checking form with little narrative explanation; 2) a chiropractor is not an acceptable medical source under the Social Security regulations; and 3) Dr. Rafey's opinion is contradicted by the opinion of Plaintiff's treating surgeon, Dr. Taylor. Tr. 22.

The ALJ also discounted Plaintiff's subjective complaints about the severity of her pain. In that regard, the ALJ noted that despite Plaintiff's claim of performing only minimal activities with extreme limitations due to pain, she drives several times a week, does some grocery shopping, walks in the park, and visits relatives. The ALJ also observed that

3

although Plaintiff injured her ACL in 2004, she continued to work at the medium level of exertion until 2009.  The ALJ noted that numerous physicians reported that Plaintiff could return to work in some capacity and that another physician commented that her subjective complaints of pain were out of proportion to the objective findings.  The ALJ found that Plaintiff's subjective complaints of low back pain and pain and tingling in her leg are not supported by radiological tests, which show only minor disc changes and no evidence of radicular pain.  The ALJ found that Plaintiff's complaints of worsening knee pain are contradicted by contemporaneous treatment notes when she reported that her knee was feeling better.  Finally, the ALJ gave some weight to that fact that Plaintiff was able to endure the evidentiary hearing without displaying any discomfort. Tr. 18-19.

The Appeals Council declined Plaintiff's request to review the ALJ's decision and she filed a timely complaint for review of that decision.  Plaintiff asserted five assignments of error against the ALJ's decision.

First, Plaintiff argued that the ALJ failed to comply with SSR 96-8p by not giving a specific "function by function" assessment of her RFC as it relates to her back pain. Second and relatedly, Plaintiff argued that the ALJ erred in relying on doctors who provided functional capacity assessments as to her knee only and did not consider her back pain in giving their opinions.  Third, Plaintiff argued that the ALJ erred in the weight he assigned to the opinion of Dr. Rafey, her treating chiropractor.  Fourth, Plaintiff argued that the ALJ erred in weighing her credibility.  Fifth and finally, Plaintiff argued that the ALJ made vocational errors in his hypothetical to the vocational expert.  Specifically, Plaintiff argued that the ALJ erred by not asking how many hours in a 40-hour work week she can stand

or sit. She also argued that he ALJ erred by not including in his hypothetical limitations that she needs a job where she can lie down and alternate between sitting and standing.

Judge Bowman rejected each of Plaintiff's assignments of error. First, Judge Bowman essentially combined Plaintiff's first and second assignments of error and concluded that the ALJ fully considered the combination of her knee and back impairments in developing her RFC. Second, Judge Bowman found that the ALJ properly weighed the opinion of Dr. Rafey because a chiropractor is not an acceptable medical source under the Social Security regulations and because it is inconsistent with other physicians' opinions. Third, Judge Bowman determined that the ALJ properly evaluated her credibility. Fourth and finally, Judge Bowman found that the ALJ did not commit any errors in his hypothetical to the vocational expert because the ALJ is only required to include those limitations that he finds credible. Judge Bowman concluded that the ALJ's determination not to include the additional functional limitations argued by Plaintiff was supported by substantial evidence. Accordingly, Judge Bowman recommended affirming the ALJ's decision.

Plaintiff filed timely objections to Judge Bowman's Report and Recommendation which more or less reiterate her specific assignment of errors and which are ready for disposition by the Court.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ. See 42 U.S.C. § 405(g). The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion." LeMaster v.

Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding Social Security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

### III. Analysis

Plaintiff's first two objections are related and concern the ALJ's treatment of her low back and leg pain and the weight the ALJ assigned to the various medical opinions. Plaintiff contends that the ALJ failed to adequately address her low back and leg pain in developing her RFC. She also argues that the ALJ erred by giving more weight to medical opinions that failed to take into consideration her low back and leg pain or that were rendered after she developed her low back and leg pain. The Court, however, finds no error in either the ALJ's treatment of this evidence or Judge Bowman's recommended disposition of these arguments.

It is true, as Plaintiff points out, that she continued to complain of low back and leg pain after Dr. Taylor authored his office note in April 2010 limiting her to 20 pounds lifting and one hour of standing at a time. It is also true, however, that there is very little objective support for her contention that her back and leg pain completely disable her from working.

6

Plaintiff did have positive straight-legs tests, but Dr. Taylor, her surgeon, and Dr. Simon, her pain management specialist, could not find any physiological condition that was producing this pain. They both suspected that some lumbar dysfunction might be producing the radicular pain in her back and leg, Tr. 406-418, 468-473, but an MRI taken in February 2012 showed that her lumbar spine is essentially normal, with no evidence of any neural compression. Tr. 484-485. Dr. Simon subsequently ruled out "lumbar pathology as a source of ongoing leg pain." Tr. 468. On March 5, 2012, just a few weeks before the evidentiary hearing, Plaintiff did not report any significant radicular symptoms to Dr. Taylor. Tr. 455. Dr. Taylor also noted, "Plaintiff reports that she has no major limitations or restrictions at this time." Id. Moreover, Dr. Burger, who examined Plaintiff for purposes of offering a second opinion, indicated to Dr. Taylor that her complaints of pain were out of proportion to the objective findings. Tr. 413-417. Finally, there are no opinions from an acceptable medical source stating that Plaintiff's low back and leg pain produce any functional limitations.

Dr. Taylor was Plaintiff's treating surgeon. His opinion as to Plaintiff's functional capacity is generally entitled to controlling weight. Hensley v. Astrue, 573 F.3d 263, 266 (6th Cir. 2009). Even though Dr. Taylor issued Plaintiff's work restrictions before she began to complain of leg and back pain, he continued his relationship with her as a treating physician for at least two more years. It is significant that, having a complete longitudinal picture of Plaintiff's symptoms, Dr. Taylor apparently did not find it necessary to issue additional work restrictions to accommodate her leg and back pain. Finally, the ALJ specifically accounted for Plaintiff's subjective complaints of leg and back pain by restricting her from work involving crouching, crawling, climbing, etc. Tr. 20.

In summary, the record fully supports the weight the ALJ gave to Dr. Taylor's opinion and to his determination not to include more restrictive limitations in Plaintiff's RFC to account for her leg and back pain. Accordingly, Plaintiff's first two objections are not well-taken and are overruled.

Plaintiff's third objection argues that the ALJ should have given "significant weight" to the opinion of Dr. Rafey, her treating chiropractor. As indicated above, Dr. Rafey issued an opinion stating that Plaintiff can only perform minimal lifting and sitting and that she cannot do any standing. The ALJ, however, had a substantial basis for rejecting Dr. Rafey's opinion. As both the ALJ and Judge Bowman correctly stated, chiropractors are not acceptable medical sources under the Social Security regulations and their opinions are not entitled to any weight. Walters v. Commissioner of Social Sec., 127 F.3d 525, 530-31 (6th Cir. 1997). Additionally, Dr. Rafey's opinion is inconsistent with Dr. Taylor's opinion. Finally, Dr. Rafey's opinion is inconsistent with his own treatment notes. Dr. Rafey's notes do not indicate that he ever treated Plaintiff for back pain and, moreover, they indicate a gradual improvement in her knee pain. Tr. 349-354. The ALJ's treatment of Dr. Rafey's opinion, therefore, was supported by substantial evidence.

Plaintiff's fourth objection contests the ALJ's credibility determination. An ALJ's credibility determinations are entitled to considerable deference. Howard v. Commissioner of Social Sec., 276 F.3d 235, 242 (6th Cir. 2002). In this case, the ALJ had a substantial basis for discounting Plaintiff's subjective complaints of disabling pain. Significantly, as the ALJ noted, no acceptable medical source indicated that Plaintiff is completely unable to work and at least one doctor found her subjective complaints of pain to be overstated in view of the medical evidence. Moreover, despite Plaintiff's hearing testimony indicating

8

significant restrictions in her activities of daily living due to pain, shortly before that hearing she told Dr. Taylor that she was not having any radicular symptoms and had no major limitations or restrictions. Tr. 455. Similarly, Dr. Rafey's treatment notes reflected improvement in her knee and a decrease in pain. Additionally, as the ALJ observed, despite Plaintiff's claims of extremely limited activities, she is able to perform some apparently non-essential activities, she does some driving and traveling with her husband, and is she able to walk in the park for exercise and therapy. Accordingly, the ALJ's credibility determination was supported by substantial evidence. Plaintiff's fourth objection, therefore, is not well-taken and is overruled.

Finally, to the extent that Plaintiff objects to Judge Bowman's rejection of her claim that the ALJ made errors in his hypothetical to the vocational expert, the objection is not well-taken. As Judge Bowman noted, the ALJ is only required to include those limitation he finds credible. Gant v. Commissioner of Social Sec., 372 Fed. Appx. 582, 585 (6th Cir. 2010). In this case, there was little to no support for the ALJ to include in Plaintiff's RFC additional limitations that she needs to be able lie down or alternate between sitting or standing. The ALJ, therefore, was not required to include these limitations in his hypothetical.

Conclusion

9

For the reasons stated above, Plaintiff's objections to Magistrate Judge Bowman's Report and Recommendation are not well-taken and are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation. The ALJ's decision finding that Plaintiff is not disabled under the Social Security regulations is **AFFIRMED**. **THIS CASE IS CLOSED.**

    **IT IS SO ORDERED**

Date March 16, 2015                          s/Sandra S. Beckwith
                                                        Sandra S. Beckwith
                                     Senior United States District Judge